UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cesar P., | File No. 25-CV-4513 (JMB/SGE) |
| Petitioner, | |
| v. | |
| Ryan Shea, *Sheriff, Freeborn County, MN*, Samuel Olson, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*, Kristi Noem, *Secretary of the U.S. Department of Homeland Security*, and Pamela Bondi, *Attorney General of the United States, in their official capacities*, | **ORDER** |
| Respondents. | |

---

Paschal O. Nwokocha, Paschal Nwokocha Law Offices, LLC, Minneapolis, MN, for Petitioner Cesar P.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent Ryan Shea.

Ana H. Voss and Friedrich A. P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Samuel Olson, Pamela Bondi, and Kristi Noem.

---

This matter is before the Court on Petitioner Cesar P.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Samuel Olson, Immigration and Customs Enforcement (ICE), Kristi Noem, Department of Homeland Security (DHS), Pamela Bondi, and Ryan Shea (together "Respondents") have not timely responded to the Petition as ordered by the Court. For the reasons explained below, the Court grants the Petition to the extent it seeks an order

1

requiring that Cesar P. be provided a bond hearing and an order prohibiting his removal pending the bond hearing. The Court denies the remaining requested relief.

## BACKGROUND

Cesar P., a citizen of Ecuador, entered the United States without inspection in 2019. (Pet. ¶ 15.) He has no criminal record and lives with his spouse and children in Minnesota. (*Id.*) On November 17, 2025, ICE officers encountered Cesar P. in Wisconsin, where he and a group of other noncitizens were driving. (*Id.* ¶ 16.) He was taken into custody. (*Id.*) Cesar P. was served with a Notice to Appear, "initiating removal proceedings against him upon his apprehension by ICE alleging that he is 'an alien present in the United States who has not been admitted or paroled.'" (*Id.* ¶ 17.) Cesar P. remains in ICE detention at the Freeborn County Jail in Albert Lea, Minnesota pending removal proceedings. (Pet. ¶ 20.)

On December 3, 2025, Cesar P. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In addition to requesting an order for "Respondents to set bond for Petitioner and release Petitioner immediately" (Pet. at 12, ¶ 4), Cesar P. also seeks additional relief, including a declaratory judgment that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1226, and/or 5 U.S.C. § 706, as well as an injunction prohibiting Respondents from "removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing" and prohibiting DHS from "filing Form EOIR-43 staying the bond." (*Id.* at 12, ¶¶ 3, 5–7.) Finally, Petitioner seeks attorney fees and costs. (*Id.* at 12, ¶¶ 3, 5–7.) The Petition asked the Court to set a response date "within three days." (*Id.* at 11.)

The Court initially ordered Respondents to file an answer by December 10, 2025. (Doc. No. 7.) Based on an email from counsel for Respondents, requesting an extension to December 12, 2025, and counsel's representation that Petitioner's counsel did not oppose the request, the Court extended the deadline to December 12, 2025 "at 12:00 p.m. CST." (Doc. No. 9.) Respondents failed to timely file any response to the Petition. The Court now turns to Cesar P.'s Petition for a writ of habeas corpus.

## DISCUSSION

For the reasons discussed below, the Court concludes that it has jurisdiction over Cesar P.'s Petition and that Cesar P. is entitled to a bond hearing pursuant to section 1226(a)(1) because section 1225(b) is not applicable to him. The Court grants Cesar P.'s Petition in part and issues an order requiring that he be provided a bond hearing.[1]

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*,

---

[1] Because a bond hearing is the primary relief available under 28 U.S.C. § 2241, the Court declines to address the remaining relief requested, including declaratory relief under the Administrative Procedure Act (APA) and the Due Process Clause of the Fifth Amendment.

No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### A.  Jurisdiction

As a threshold matter, the Court concludes that it has jurisdiction over this Petition under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).[2]

### B.  Applicability of Section 1226(a)(1)

The fundamental question raised in this case is whether Cesar P. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226.  (*See* Pet. ¶¶ 1, 3, 23, 46–48.)  The Court concludes that section 1226 applies here, not section 1225(b).  Respondents, having failed to timely respond to the Petition, fail to rebut Cesar P.'s argument that section 1226(a), which entitles him to a bond hearing, applies.  The Court nonetheless provides its reasoning for agreeing with Cesar P.

In other analogous cases, Respondents have argued that a noncitizen who is present in the United States without having been admitted is an "applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2).  (Doc. No. 12 at 4–6.)  Courts have overwhelmingly rejected an interpretation that section

---

[2] 8 U.S.C. § 1252(g), which is a narrow provision, does not deprive this Court of jurisdiction, because Cesar P. is not challenging the implementation of section 1225, nor seeking judicial review of a final order of removal, an order of detention, or review of any discretionary action of the Attorney General or the Department Homeland Security.  *See Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *4 (D. Minn. Oct. 1, 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)); *see Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 591 U.S. 1, 19 (2020). Instead, Cesar P. challenges a policy-based decision that his detention is mandatory under section 1225(b).  (Petition ¶ 43.)

1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5–6 (collecting cases); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases). (*See also* Pet. 9 n.1 & ¶ 41 (collecting cases)). This Court also rejects any such interpretation.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Cesar P. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

5

As this Court has explained in other proceedings, the interpretation of 1225(b)(2) that Respondents have offered in other cases renders superfluous other immigration laws (specifically, a recent amendment to section 1226 by the Laken Riley Act). *See Victor V. v. Bondi*, Case No. 25-CV-4480 (JMB/ECW), Doc. No. 15, at 6 (D. Minn. Dec. 9, 2025) In addition, such an interpretation is "at odds with both the relevant legislative history and longstanding agency practice." *See id.* at 6–7 (quoting *Belsai D.S.*, 2025 WL 2802947, at *7, and citing *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of noncitizens who resided in the United States, but who had entered without inspection, as being treated subject to section 1226(a)).

Therefore, because section 1225(b) is inapplicable to Cesar P., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Cesar P. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Cesar P.'s detention is governed by § 1226(a), and he is not subject to §1225(b)'s mandatory detention.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Cesar P.'s Petition for a writ of habeas corpus is GRANTED in part and DENIED in part as follows:

1.  Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before December 17, 2025.

2.  If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3.  On of before December 18, 2025, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

4.  Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5.  To the extent Petitioner seeks additional relief, the Petition is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 12, 2025                     /s/ *Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court